IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELLERY CORNELIUS OLIVER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3540 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Ellery Cornelius Oliver, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody.[1] Oliver asserts claims based on the loss of his good time credit, the conditions and his treatment while incarcerated, due process violations because of lost privileges and imposition of solitary confinement, and the denial of an appeal of his burglary of a habitation conviction.[2] Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support,[3] to

---

[1] Petition for a Writ of Habeas Corpus by a Person in State Custody ("Oliver's Petition"), Docket Entry No. 1.

[2] Id. at 5-7.

[3] Motion for Summary Judgment with Brief in Support ("Thaler's Motion"), Docket Entry No. 13.

-1-

which Oliver has filed a response.[4] For the reasons stated below the court will grant Thaler's Motion and deny Oliver's Petition.

## I. Factual Background and Claims

### A. Background

On April 30, 1980, Oliver was sentenced to seventy-five years confinement for burglary of a habitation.[5] While serving that sentence, Oliver was convicted of aggravated assault and sentenced to seven years confinement on September 6, 1985.[6] On October 28, 1988, Oliver was sentenced to fifteen years confinement after being convicted of aggravated assault on a correctional officer.[7] Oliver was again convicted of aggravated assault on a correctional officer on May 22, 1992, and was sentenced to twenty years confinement.[8] Oliver is currently serving an aggregate sentence of ninety-five years.[9]

---

[4] Petitioner's Response to Respondent's Motion for Summary Judgment with Brief in Support ("Oliver's Response"), Docket Entry No. 16.

[5] Affidavit of Charley Valdez, Exhibit C to Thaler's Motion, Docket Entry No. 13-3, p. 3.

[6] Id.

[7] Id.

[8] Id.

[9] Id.

**B. Petitioner's Claims**

Oliver filed the pending petition for a writ of habeas corpus on November 30, 2012.[10] Oliver asserts four claims in his petition:

1. As of September 19, 2012, he has lost 6,135 days of good-time credit;[11]

2. He has been denied supplies while in prison, and has been the victim of hate crimes, defamation, sexual harassment, religious discrimination, and retaliation;[12]

3. His loss of privileges and the imposition of solitary confinement violate the Due Process Clause;[13] and

4. He was denied an appeal of his conviction of burglary of a habitation in Brazos County.[14]

In his motion for summary judgment Thaler argues that Oliver's Petition should be denied for several reasons.[15] First, Thaler argues that Oliver's loss of good-time credit claim is time-barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA")

---

[10] Oliver's Petition, Docket Entry No. 1, p. 10. November 30, 2012, is the date on which Oliver placed the Petition in the prison mailing system. See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998) ("[A] pro se litigant has initiated, or 'filed,' his petition properly when he has completed everything within his control to deliver the actual petition to the court . . . .").

[11] Id. at 5.

[12] Id. at 6.

[13] Id. at 7.

[14] Id.

[15] Thaler's Motion, Docket Entry No. 13.

statute of limitations.[16] Second, Thaler argues that Oliver is not eligible for mandatory supervision release and thus that his first claim fails to state a basis for federal habeas relief.[17] Third, Thaler argues that Oliver's challenge to the imposition of solitary confinement and loss of privileges do not trigger any due process protections.[18] Fourth, Thaler argues that Oliver's challenge to his burglary conviction is both time-barred and unexhausted.[19] Finally, Thaler argues that Oliver's challenge to the conditions of his confinement do not raise a cognizable habeas corpus claim.[20]

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of

---

[16] Id. at 6.

[17] Id. at 10.

[18] Id. at 13.

[19] Id. at 15.

[20] Id. at 18.

Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). If the moving party meets this burden, Rule 56(c) requires the nonmovant to show that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-54). Ordinarily, in reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000). But the amendments to 28 U.S.C. § 2254 contained in the AEDPA change the way in which courts consider summary judgment in habeas cases.

As amended by the AEDPA, 28 U.S.C. § 2254 provides "[t]he statutory authority of federal courts to issue habeas corpus relief for persons in state custody." Harrington v. Richter, 131 S. Ct. 770, 783 (2011). In a habeas proceeding, § 2254(e)(1) mandates

that findings of fact made by a state court are "presumed to be correct." This statute overrides the ordinary summary judgment rule. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004)). Therefore, a court will accept any factual findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. Analysis

#### A. Statute of Limitations

The AEDPA contains a one year statute of limitations for federal petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1). Because this petition was filed after the enactment date of the AEDPA, April 24, 1996, it is subject to the terms of the AEDPA. See Green v. Johnson, 116 F.3d 1115, 1119 (5th Cir. 1997). The AEDPA also provides that the statute of limitations may be tolled. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 121 S. Ct. 2120, 2125 (2001).

The statute of limitations may also be subject to equitable tolling. Equitable tolling applies where a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Manning v. Epps, 688 F.3d 177, 183 (5th Cir. 2012) (quoting Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)). Only "extraordinary" cases justify the application of equitable tolling. Manning, 688 F.3d at 183.

Oliver does not allege any unconstitutional "state action" that prevented him from filing for federal habeas relief before the end of the statute of limitations. See 28 U.S.C. § 2244(d)(1)(B). Furthermore, Oliver's claims do not deal with a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). The limitations period therefore runs from the latest "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2244(d)(1)(D).

### 1. Oliver's first claim is time-barred by the AEDPA Statue of Limitations.

Oliver asserts that he has lost 6,135 days of good-time credit as of September 19, 2012.[21] The Texas Government Code allows for

---

[21] Oliver's Petition, Docket Entry No. 1, p. 5.

revocation of good-time credits "[i]f, during the actual term of imprisonment of an inmate . . ., the inmate commits an offense or violates a rule of the department." TEX. GOV'T CODE ANN. § 498.004(a) (West 2009). Oliver lost good-time credits on several occasions due to "major disciplinary infractions."[22]

Oliver does not challenge a specific disciplinary hearing, but the most recent disciplinary hearing in which he lost good-time credit took place on March 23, 2010.[23] For the purpose of determining when the statute of limitations began to run, the court concludes that Oliver was aware of his loss of good-time credits on this date. See Kimbrell v. Cockrell, 311 F.3d 361, 363-64 (5th Cir. 2002) ("Kimbrell knew he was deprived of several thousand days good-time credit . . . when the hearing was held."). Therefore, Oliver had until March 23, 2011, to file a state habeas petition with respect to this loss of good time credits. 28 U.S.C. § 2244(d)(1). This petition was not filed until November 30, 2012.[24] The statute of limitations was not tolled under § 2244(d)(2) because Oliver did not file a state post-conviction proceeding between Oliver's March 23, 2010, hearing and the filing of this petition. See 28 U.S.C. § 2244(d)(2). Oliver did,

---

[22] Affidavit of Charley Valdez, Exhibit C to Thaler's Motion, Docket Entry 13-1, p. 4.

[23] Disciplinary Records, Exhibit E to Thaler's Motion, Docket Entry No. 13-1, p. 8.

[24] Oliver's Petition, Docket Entry No. 1, p. 10.

however, file four grievances with the Texas Department of Criminal Justice – one in September 2012 and three in December 2012.[25] But even if these grievances are considered "other collateral review" for the purposes of tolling under section 2244(d)(2), they were filed outside of the one-year limitations period. These grievances therefore did not toll the statute of limitations.

Moreover, equitable tolling does not apply to Oliver's first claim. Given the amount of time between Oliver's hearing and the filing of Oliver's grievances and this petition, the court concludes that he did not diligently pursue his rights. The record does not reflect any "extraordinary circumstances" that stood in his way to prevent timely filing. Manning, 688 F.3d at 183. Therefore, Oliver's first claim is barred by the AEDPA statute of limitations to the extent that it arises from hearings occurring on or before March 23, 2010. Oliver's first claim will therefore be dismissed as time-barred.

---

[25] Id. at 11; Motion for Emergency Evidentiary Hearing, Docket Entry No. 3, pp. 3, 5; Second Motion for Evidentiary Hearing, Docket Entry No. 4, p. 9.

### 2. Oliver's fourth claim is time-barred by the AEDPA statute of limitations.

Oliver asserts that he was denied an appeal of his April 30, 1980, burglary of a habitation conviction.[26] Because he did not appeal his conviction it became final in 1980. However, because Oliver's conviction became final before the enactment date of the AEDPA, he had one year from that date to file an appeal. Flanagan v. Johnson, 154 F.3d 154, 202 (5th Cir. 1998). Oliver thus had until April 24, 1997, to file a habeas petition with respect to the denial of his appeal. Oliver has not filed any state habeas petitions.[27] Moreover, the record does not reflect any basis for equitable tolling because Oliver was not diligent in pursuing his rights with respect to this claim. See Manning, 688, F.3d at 183. Therefore, Oliver's fourth claim is barred by limitations.

### B. Due Process

#### 1. There was no due process violation with respect to Oliver's first claim.

In addition to being barred by the statute of limitations, there was no due process violation with respect to Oliver's first claim because he is not eligible for mandatory supervision. At the

---

[26] Oliver's Petition, Docket Entry No. 1, p. 7.

[27] Statement of Abel Acosta, Exhibit D to Thaler's Motion, Docket Entry No. 13-1, p. 2.

time of Oliver's second conviction for aggravated assault on a correctional officer, Texas law stated that "an inmate may not be released for . . . a second degree or third degree felony under Section 22.02, Penal Code (Aggravated Assault)." TEX. CODE CRIM. PROC. art. 42.18 § 8(c) (West 1988) (Repealed in 1997); TEX. PENAL CODE § 22.02 (West 1988). When an inmate is serving multiple sentences, he or she "cannot begin to serve [a] second sentence until [the] first sentence ceases to operate." Ex Parte Ruthart, 980 S.W.2d 469, 473 (Tex. Crim. App. 1998). An inmate serving consecutive sentences, such as Oliver, cannot be released into mandatory supervision until he reaches the last sentence to be served in the series. Id. at 471.

Furthermore, a petitioner is not entitled to federal habeas relief without an "allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). While Oliver could have been eligible for mandatory supervision with respect to his initial offense of burglary of a habitation, he is not eligible with respect to his other offenses -- aggravated assault and aggravated assault on a correctional officer. TEX. CODE CRIM. PROC. art. 42.18 § 8(c). At the time of his aggravated assault convictions, Oliver was excluded from eligibility for mandatory supervision under Texas law. Oliver therefore had no liberty interest in the good-time

credits he had accrued because his loss of good-time credit did not affect the duration of his sentence. Because Oliver had no liberty interest in his good-time credits, he has not been deprived of a "right secured to him by the United States Constitution or the laws of the United States." Orellana, 65 F.3d at 31. Therefore, Oliver's first claim has no merit.

### 2. There was no due process violation with respect to Oliver's third claim.

Oliver's third claim challenges the loss of privileges and imposition of solitary confinement as violations of the Due Process Clause.[28] The Supreme Court has stated "that the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 115 S. Ct. 2293, 2297 (1995). Instead, Due Process protections are only implicated if the conduct poses an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 2300.

The loss of privileges and imposition of solitary confinement do not constitute "atypical and significant hardship[s]." See Id. Instead, these circumstances amount to changes in the conditions of Oliver's confinement. See Id. at 2300, 2302. Oliver states that

---

[28] Oliver's Petition, Docket Entry No. 1, p. 7.

he was subjected to "lengthy administrative confinement."[29] However, the Supreme Court has held that segregated confinement does not present the kind of "atypical, significant deprivation" that creates a liberty interest. Id. at 2302. Therefore, Oliver's third claim does not implicate the protections afforded by the Due Process Clause.

## C. Exhaustion

Oliver's fourth claim relates to the denial of an appeal of his 1980 burglary conviction.[30] This claim is both untimely, as discussed above, and unexhausted. Under 28 U.S.C. §§ 2254(b) and (c), a petitioner must exhaust all remedies available in state courts before seeking federal relief. In order to fulfill the exhaustion requirement, "a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal citation omitted). The claim must be presented to the highest court in the state, and this must be done in a procedurally correct manner. Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993) (internal citations omitted). In this case, Oliver has not appealed his

---

[29] Id. at 8.

[30] Id. at 7.

conviction or filed a state habeas application.[31] Therefore Oliver's final claim will be dismissed as unexhausted.

### D. Improper habeas corpus claim

Oliver's second claim challenges the conditions of his confinement — denial of supplies, hate crimes, defamation, sexual harassment, religious discrimination, and retaliation.[32] This kind of claim is properly brought as a civil rights action under 42 U.S.C. § 1983 rather than as a habeas corpus action. Prieser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). Oliver's second claim will therefore be dismissed without prejudice.

### E. Conclusion

Oliver's Petition must be denied on several grounds. The first claim is time barred, and Oliver is not eligible for mandatory supervision. Oliver's second claim has no merit because Oliver cannot obtain the relief he seeks through a writ of habeas corpus. His third claim, alleging due process violations, will be

---

[31] Statement of Abel Acosta, Exhibit D to Thaler's Motion, Docket Entry No. 13-1, p. 2.

[32] Oliver's Petition, Docket Entry No. 1, p. 6.

dismissed as there was no violation of due process. Oliver's fourth claim will be dismissed as both time-barred and unexhausted.

## IV. Application to Proceed *In Forma Pauperis*

Oliver's Application to Proceed *In Forma Pauperis*[33] will be granted. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides in section (a)(1)

> that any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). Oliver's Application is supplemented by a copy of his Prisoner Trust Fund Account Statement.[34] Having examined Oliver's Application and account information, the court will grant Oliver's application to proceed *in forma pauperis*.

## V. Motion for Appointment of Counsel

Oliver's Motion for Appointment of Counsel[35] will be denied. The court "appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation." Self v.

---

[33] Application to Proceed Without Prepayment of Fees and Affidavit ("Oliver's Application"), Docket Entry No. 7.

[34] Prisoner Trust Fund Account Statement, Docket Entry No. 9.

[35] Motion for Appointment of Counsel, Docket Entry No. 8.

Blackburn, 751 F.2d 789, 793 (5th Cir. 1985). After reviewing Oliver's Motion and Petition the court concludes that he has stated his grounds for relief, the legal principles that apply are settled, and no facts appear to be in dispute. Under these circumstances, appointment of counsel is not warranted.

## VI. Certificate of Appealability

Although Oliver has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA for claims denied on the merits Oliver must make a substantial showing of the denial of a Constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004). To make such a showing, Oliver must demonstrate that it is debatable among reasonable jurists whether a court could resolve the issues in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S. Ct. at 2569.

For the reasons stated in this Memorandum Opinion and Order, Oliver has not made a substantial showing of a denial of a constitutional right. Accordingly, a Certificate of Appealability will not issue in this case.

## VII. Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 13) is **GRANTED**.

2. Oliver's Petition for a Writ of Habeas Corpus of a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3. Oliver's Application to proceed *In Forma Pauperis* (Docket Entry No. 7) is **GRANTED**.

4. Oliver's Motion for Appointment of Counsel (Docket Entry No. 8) is **DENIED**.

5. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 21st day of June, 2013.

                                        SIM LAKE
                        UNITED STATES DISTRICT JUDGE